H. Dean Steward  SBN 85317
17 Corporate Plaza Dr., Ste. 254
Newport Beach, CA 92660
949-481-4900
deansteward7777@gmail.com

Attorney for Defendant
Hyoung Nam So

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No.  CR-22-108-AB |
| Plaintiff, | |
| vs. | MOTION FOR DISCOVERY; EXHIBITS |
| HYOUNG NAM SO | Hearing Date: May 27, 2022 |
| Defendant. | Time:  1:30 PM |

Comes now defendant, together with counsel, and seeks discovery in this matter with a protective order, such order to cover the necessary protection for documents and material, but no more.


Dated: 4-22-22          /s./ H. Dean Steward
                              H. Dean Steward
                              Counsel for Defendant
                              Hyoung Nam So

## I. Introduction and Background

This case is about automotive interior decorative trim, paint and film finish on plastic injection parts for pick-up trucks made by General Motors (GM). (General Motors is named as Company A in the indictment. Multiple media reports confirm that GM is Company A).  This case does not involve engineering, trade secrets, schematics or patented products.

The indictment alleges that defendant Hyoung Nam So, then a GM employee, took a bribe from a Korean businessman to have Mr. So steer a contract for the interior decorative auto trim to the businessman's company. Defendant has denied these charges, pled not guilty and now seeks discovery from the government.

After the indictment, the defense made a detailed, written discovery demand of the government (See attached Ex. "A"), including case citations. In response, the government has agreed to turn over much (if not all) of what the defense has requested, but insists on an overinclusive, unreasonable protective order before providing discovery to the defense.  To date, the defense has received some non-protected material from the government.

Defense counsel and counsel for the government have electronically discussed this issue. Because the parties are so far apart on the extent of the proposed stipulation, the defense has filed this motion.

Attached hereto are:

Ex. "B"- a "clean" copy of the governments proposed stipulation re: protective order.

Ex "C"- a marked copy indicated the defense objections and concerns about several passages in the proposed stipulation. Each passage is numbered and corresponds to the numbers in section III, below.

**II. The Law**

A criminal defendant is entitled to discovery under Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 "grants criminal defendants a broad right to discovery." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir.2010). This right is further broadened by *Brady v. Maryland* 373 U.S. 83 (1963) and decades of case law from the Supreme Court, the Ninth Circuit and other circuit courts.

The Government has the burden to show good cause, as the party seeking a protective order. See *U.S. v. Cordova*, 806 F.3d 1085, 1090 (U.S. App D.C. 2015). See Fed.R.Crim.P. 16(d) Advisory Committee's Note to 1966 Amendment to Former Subdivision (e); See also 2 Charles Alan Wright & Peter J. Henning, Federal Practice and Procedure § 262 (4th ed.2009). This showing must be "particularized" and "specific." *U.S. v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019); *U.S. v. Wecht*, 484 F.3d 194, 211 (3d Cir.2007)). ("The injury [resulting from the lack of a protective order] must be shown with specificity.").

To date, the government has made no showing that a protective order is necessary in this case at all. There appear to be no witness security concerns, no alleged violence by anyone, and no information vital to national security at issue. The defense recognizes that grand jury material is likely in the discovery, which should

properly be subject to a protective order. *U.S. v. Procter & Gamble Co.,* 356 U.S. 677, 681 (1958).

**III. The Issue Here is Not the Entitlement to Discovery, But Rather Under What Circumstances the Government Can Control and Limit the Use of the Discovery by Protective Order Before and After Discovery is Turned Over to the Defense.**

> "[P]rotective orders vary in range and type 'from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need.' " *U.S. v. Bulger*, 283 F.R.D. at 52 (quoting *Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532 (1st Cir.1993)).

*U.S. v. Smith* 985 F. Supp. 2d 506 (SDNY 2013)

The primary purpose of any protective order in a criminal case is to observe Privacy Act rights[1] and protect the security of witnesses and others involved in the matter. "In determining whether good cause exists, courts have considered whether (1) disclosure of the materials in question would pose a hazard to others;

(2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Dixon*, 355 F. Supp. 3d at

- 4 -

4; see also *Cordova*, supra at 1090; ("[A]mong the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security."

*U.S. v. McCaughey* 534 F. Supp. 3d 132, 138-9 (D.D.C. 2021)


In the Ninth Circuit, to prevent access to unfiled discovery materials in the civil arena, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1130 (9th Cir. 2003). "[…b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.* 966 F.2d 470, 476 (9th Cir.1992), ("In the instant case, the parties stipulated to a blanket protective order. Reliance will be less with a blanket order **because it is by nature overinclusive**."), (emphasis added), See also *U.S. v. Arredondo* __ F. Supp. 3rd __, (D. AZ 2012), 2012 WL 1946955

Here, the government seeks a virtual blanket protective order, especially as to General Motors material. For unknown reasons, General Motors is being guarded by the government. The company is not a victim. And surely routine inter-company email,

---

[1] The Privacy Act of 1974, as amended, 5 U.S.C. § 552a, is 48 years old. One would think the U.S. Attorney's Office in this District just discovered it in the last 2-3 years.

documents, and other material relevant to this case cannot **all** be somehow protected or privileged.[2]

As set out above, General Motors is not a victim, informant in any sense of the word, and no threats have been made toward it, The government has not made any showing to date as to why the GM material should be part of any protective order.

This restriction and others proposed by the government go too far. They are overly broad and unnecessary. *U.S. v. Carriles,* 654 F.Supp.2d 557, 565 (W.D. Texas 2005), (noting that "umbrella" protective orders may be used in cases involving "thousands of documents," but that such orders are "disfavored"). And in determining what degree of protection is appropriate, courts should ensure that a protective order "is no broader than is necessary" to serve the intended purposes. *U.S. v. Lindh*, 198 F.Supp.2d 739,742 (E.D. VA 2002).

Further, the government has informed the defense that MLAT ( Mutual Legal Assistance Treaty ) material was sought and obtained from the Korean government. If these are public record documents in Korea, they too should not be subject to a protective order.

As set out in Ex. "C", the defense objects to the following passages:

1. P. 2, line 14- 16- "PII [personal identifying information] makes up a significant part of the discovery". The defense does not know this to be accurate. In that the

---

[2] Defense counsel is informed and believes that the GM discovery documents in this case number in the thousands, many of which are in Korean.

government has an overly expansive view of what should be included in this stipulation, the defense cannot agree to this statement.

2. P. 2, line 26- Materials produced to the defense "*may contain* information within the scope of the Privacy Act". [emphasis added]. The government's obligation here is to specify what, in the discovery, they believe is protected, not "MAY" be protected. The case law above calls for specificity, not generalization such as this. See *U.S. v. Dixon*, supra; *U.S. v. Bulger*, supra.

3. P. 3, line 14-18- Here, the government seeks to have *all* the material from General Motors protected, with no showing that any of it is entitled to such protection. Some documents may well be. In discussions with government counsel, they suggested that GM's internal pricing, technical specs, and profit mark-ups are protected. This does not, however, cover the thousands of pages that the defense believes are part of the government discovery from GM. The government seeks blanket protection, to which they (and GM) are not entitled.

4. P. 4, lines 25-27- This passage attempts force the defendant to sit in counsel's office for hour after hour to review material to which he is entitled as a right. Government counsel has represented that there is over 100,000 pages of discovery in this case, much of it in Korean. This passage puts and enormous, unreasonable burden on defendant and the defense.

There is no reason that the defendant cannot have a copy of this material at his home to review. There, he would be under a protective order not to share or copy the material.

For decades, this has been the practice in this district[3], superseded only recently by these Draconian stipulations and protective orders from the U.S. Attorney's Office.

5. P. 5, lines 1-3- Same objection as #4. Forces defendant to basically move into counsel's office to review discovery for weeks at a time, plus wastes defense team time "watching him".

6. P. 5, lines 4-12- Same objection as #4.

7. P. 5, lines 13-16- Same objections as #4.

## IV. Conclusion

The defense recognizes the need for well-tailored, specific protective orders. Items such as grand jury material are clearly in need of such an order. Here, (and in many other cases), the U.S. Attorney's Office draft of stipulations and orders serves to hamstring the defense. Stipulations such as to one proposed here substantially interferes with the constitutional right of a criminal defendant to prepare his defense.

The defense is willing to agree to a specific, reasoned and supported protective order, but not the one proposed here.

Dated: April 22, 2022 /s./ H. Dean Steward

H. Dean Steward
Counsel for Defendant
Hyoung Nam So

---

[3] The undersigned counsel has been practicing in this District since 1987. Counsel's father was an Asst. U.S. Attorney in this District in the early 1950's.

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.
My business address is 17 Corporate Plaza Drive, Ste. 254, Newport Beach, CA
92660.

      I am not a party to the above-entitled action. I have caused, on 4-22-22, service
of the defendant's:

**MOTION FOR DISCOVRY**

On the following party, using the court's ECF system:

**AUSA Jeffrey Mitchell**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-22-22

<u>s/ H. Dean Steward</u>

H. Dean Steward

# H. Dean Steward
ATTORNEY AT LAW

17 Corporate Plaza Drive
Suite 254
Newport Beach, CA 92660
949-481-4900

March 28, 2022

Jeff Mitchell
Asst. U.S. Attorney
Los Angeles, California

*Via email*

Re: *Hyoung Nam So* case cr-22-108-AB

Dear Jeff:

I write to cover several topics. First, I look forward to talking tomorrow about a
realistic trial date and the items below. I have three jury trials that are going to
go for sure in the summer and fall. Obviously, we'll need to include the Judge's
CRD in our discussions.

Second, under the new Rule 16. 1, we are to confer about discovery, primarily
about electronic material. I assume you'll need a flash drive or hard drive from
me, just let me know. I am not computer savvy by any means. I'm fine with
PDF's spreadsheets and simple videos. Anything more exotic is beyond me and
I ask that you keep it simple, as best you can. I also am unable to use usaFX
(long story) but I can use the Justice Department's secure system

Third, by way of discovery, I'd request the following on behalf of Mr. So:

(1)  My client's statements:  You've previously mentioned tape recordings
allegedly involving my client. Under Fed. R. Crim. P. 16(a)(1)(A), the defendant
is entitled to disclosure of all copies of any written or recorded statements
made by the defendant; the substance of any statements made by the
defendant that the government intends to offer in evidence at trial; any
response by the defendant to interrogation; the substance of any oral
statements that the government intends to introduce at trial, and any written
summaries of the defendant's oral statements contained in the handwritten
notes of any government agent; and any other statements by the defendant
that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

• Admitted-California & Hawaii •Fellow-American College of Trial Lawyers •
fax: 949-706-9994 EXHIBIT "A" ward7777@gmail.com

(2)  My client's prior record, under Fed. R. Crim. P. 16(a)(1)(B), although I don't believe he has any record.

(3)  Wire taps and surveillance photos and reports- I'd request copies of photos, video, reports, and any other material related to surveillance or taping of any kind.

(4)  *Brady* material:  I request all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused.  See *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976).

(5) All material on the MLAT you successfully sought.

(6)  Evidence seized:  Evidence seized because of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and I'd make that request.

(7)  Tangible objects:  I'd request, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant. This would include any type of video and/or audio recordings.

(8)  General Motors, in press accounts, indicates that they are cooperating with you and the agents. I request all writings, email, documents and any other like material on the companies' cooperation

(9)  Information regarding informants and cooperating witnesses:  I'd request that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case.  You refer in the indictment to "CC-1". This informant is of particular interest to me.

At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957).  Specifically, the defendant requests all "'documents, and information relating to the period between [all potential or actual informer/accomplice/cooperating witness's] initial contact with the government regarding possible cooperation and the point at which the witness and the government reached an agreement concerning [such person's possible]

2

testimony' in this case." *United States v. Sudikoff,* 36 F.Supp.2d 1196 (C.D. Cal. 1999). And more specifically, I seek any material, correspondence or writings of any kind (including email) as to any benefits CC-1 has been given or promised.

(10)  Evidence of bias or motive to lie- The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *U.S. v. Strifler,* 851 F.2d 1197 (9th Cir. 1988).

(11)  *Impeachment evidence*:  The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady,* 373 U.S. at 83.  See *U.S. v. Strifler,* above (witness' prior record), *Thomas v. U.S.*, 353 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility). Again, as is obvious, I have some knowledge of CC-1's activities in Korea. I request all information on CC-1's criminal conduct, no matter where it occurred or when.

(12)  Evidence of criminal investigation of any government witness:  I'd request any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *U.S. v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

(13)  Names of witnesses favorable to the defendant:  I'd request the name of any witness who has made an arguably favorable statement concerning the defendant.  *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979).

(14)  Jencks Act Material:  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

(15)  Giglio information:  Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses. This includes CC-1 and anyone else who fits under Giglio/Jencks.

3

(16)  Government examination of law enforcement personnel files:  I'd request that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential information in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn,* 931 F.2d (9th Cir. 1991).

(17)  Expert witness notification and summary of testimony:  I'd request that the government provide notice of any witness it intends to proffer as an expert to give opinion testimony and a summary of the witness's opinion, bases and reasons for the opinions, and the witness's qualifications pursuant to its duty under Federal Rule of Criminal Procedure 16(a)(1)(G).


Thanks in advance for your consideration of each of these requests.

Sincerely,

H. Dean Steward

4

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail:   jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>HYOUNG NAM SO,<br><br>          Defendant. | No. CR 22-00108-AB<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

        Plaintiff, United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Jeff Mitchell, and

defendant HYOUNG NAM SO, aka "Brian So" ("defendant"), by and

through his counsel of record, Dean Steward (collectively the

"parties"), for the reasons set forth below, request that the Court

enter the proposed protective order (the "Protective Order")

governing the use and dissemination of (1) personal identifying

information ("PII") of real persons pursuant to Federal Rule of

EX. "B"- CLEAN COPY

Criminal Procedure Rule 16(d)(1), and (2) material that may contain information within the scope of the Privacy Act.

### Introduction and Grounds for Protective Order

1.  Defendant is charged in this matter with a violation of 18 U.S.C. §§ 371, 666: Conspiracy to Commit Federal Funds Bribery.

2.  A protective order is necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.  An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy

Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

5.   The parties agree to the following definitions:

a.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

b.   "Confidential Information" refers to any document or information containing: PII Materials or produced to the government by General Motors or a foreign nation, including English-language translations, that the government produces to the defense pursuant to this Protective Order and any copies thereof.

c.   "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

6.    The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.   The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

b.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c.    Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

1          e.   At no time, under no circumstance, will any

2     Confidential Information be left in the possession, custody, or

3     control of defendant, regardless of defendant's custody status.

4          f.   Defendant may review Confidential Information only in

5     the presence of a member of the Defense Team, who shall ensure that

6     defendant is never left alone with any Confidential Information.  At

7     the conclusion of any meeting with defendant at which defendant is

8     permitted to view Confidential Information, defendant must return

9     any Confidential Information to the Defense Team, and the member of

10    the Defense Team present shall take all such materials with him or

11    her.  Defendant may not take any Confidential Information out of the

12    room in which defendant is meeting with the Defense Team.

13         g.   Defendant may see and review Confidential Information

14    as permitted by this Protective Order, but defendant may not copy,

15    keep, maintain, or otherwise possess any Confidential Information in

16    this case at any time.  Defendant also may not write down or

17    memorialize any data or information contained in the Confidential

18    Information.

19         h.   The Defense Team may review Confidential Information

20    with a witness or potential witness in this case, including

21    defendant.  A member of the Defense Team must be present if

22    Confidential Information are being shown to a witness or potential

23    witness.  Before being shown any portion of Confidential

24    Information, however, any witness or potential witness must be

25    informed of, and agree in writing to be bound by, the requirements

26    of the Protective Order.  No member of the Defense Team shall permit

27    a witness or potential witness to retain Confidential Information or

28    any notes generated from Confidential Information.

i.   The Defense Team shall maintain Confidential
Information safely and securely, and shall exercise reasonable care
in ensuring the confidentiality of those materials by (1) not
permitting anyone other than members of the Defense Team, defendant,
witnesses, and potential witnesses, as restricted above, to see
Confidential Information; (2) not divulging to anyone other than
members of the Defense Team, defendant, witnesses, and potential
witnesses, the contents of Confidential Information; and (3) not
permitting Confidential Information to be outside the Defense Team's
offices, homes, vehicles, or personal presence.

j.   To the extent that defendant, the Defense Team,
witnesses, or potential witnesses create notes that contain, in
whole or in part, Confidential Information, or to the extent that
copies are made for authorized use by members of the Defense Team,
such notes, copies, or reproductions become Confidential Information
subject to the Protective Order and must be handled in accordance
with the terms of the Protective Order.

k.   The Defense Team shall use Confidential Information
only for the litigation of this matter and for no other purpose.
Litigation of this matter includes any appeal filed by defendant and
any motion filed by defendant pursuant to 28 U.S.C. § 2255.   In the
event that a party needs to file Confidential Information with the
Court or divulge the contents of Confidential Information in court
filings, the filing should be made under seal.   If the Court rejects
the request to file such information under seal, the party seeking
to file such information publicly shall provide advance written
notice to the other party to afford such party an opportunity to
object or otherwise respond to such intention.   If the other party

6

does not object to the proposed filing, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

l.    The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.   If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.   The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.   All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.   Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

n.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense

7

counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

        o.    Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

        p.    Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

//

//

//

8

q.    Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: March 29, 2022          TRACY L. WILKISON
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                               _____
                               JEFF MITCHELL
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA


DATED: March ___,2022          _____
                               DEAN STEWARD
                               Attorney for Defendant
                               Hyoung Nam So

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698
     Facsimile: (213) 894-3713
     E-mail:    jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00108-AB |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION |
| v. | |
| HYOUNG NAM SO, | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeff Mitchell, and defendant HYOUNG NAM SO, aka "Brian So" ("defendant"), by and through his counsel of record, Dean Steward (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of

EXHIBIT 'C'
MARKED COPY

1  Criminal Procedure Rule 16(d)(1), and (2) material that may contain
2  information within the scope of the Privacy Act.

3       Introduction and Grounds for Protective Order

4       1.   Defendant is charged in this matter with a violation of 18
5  U.S.C. §§ 371, 666: Conspiracy to Commit Federal Funds Bribery.

6       2.   A protective order is necessary because the government
7  intends to produce to the defense materials containing third
8  parties' PII.  The government believes that disclosure of this
9  information without limitation risks the privacy and security of the
10 information's legitimate owners.  Because the government has an
11 ongoing obligation to protect third parties' PII, the government
12 cannot produce to defendant an unredacted set of discovery
13 containing this information without the Court entering the
14 Protective Order.  Moreover, ~~PII makes up a significant part of the~~
15 ~~discovery in this case and such information itself, in many~~
16 ~~instances, has evidentiary value~~.  If the government were to attempt
17 to redact all this information in strict compliance with Federal
18 Rule of Criminal Procedure 49.1, the Central District of
19 California's Local Rules regarding redaction, and the Privacy Policy
20 of the United States Judicial Conference, the defense would receive
21 a set of discovery that would be highly confusing and difficult to
22 understand, and it would be challenging for defense counsel to
23 adequately evaluate the case, provide advice to defendant, or
24 prepare for trial.

25      3.   An order is also necessary because the government intends
26 to produce to the defense materials that may contain information
27 within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act
28 Information").  To the extent that these materials contain Privacy

2

1  Act Information, an order is necessary to authorize disclosure
2  pursuant to 5 U.S.C. § 552a(b)(11).

3      4.   The purpose of the Protective Order is to (a) allow the
4  government to comply with its discovery obligations while protecting
5  this sensitive information from unauthorized dissemination, and (b)
6  provide the defense with sufficient information to adequately
7  represent defendant.

8      Definitions

9      5.   The parties agree to the following definitions:

10         a.   "PII Materials" includes any information that can be
11  used to identify a person, including a name, address, date of birth,
12  Social Security number, driver's license number, telephone number,
13  account number, email address, or personal identification number.

14      ~~b.   "Confidential Information" refers to any document or~~
15  ~~information containing: PII Materials or produced to the government~~
16  ~~by General Motors or a foreign nation, including English-language~~
17  ~~translations, that the government produces to the defense pursuant~~
18  ~~to this Protective Order and any copies thereof.~~

19         c.   "Defense Team" includes (1) defendant's counsel of
20  record ("defense counsel"); (2) other attorneys at defense counsel's
21  law firm who may be consulted regarding case strategy in this case;
22  (3) defense investigators who are assisting defense counsel with
23  this case; (4) retained experts or potential experts; and
24  (5) paralegals, legal assistants, and other support staff to defense
25  counsel who are providing assistance on this case.  The Defense Team
26  does not include defendant, defendant's family members, or any other
27  associates of defendant.

28

<u>Terms of the Protective Order</u>

6.   The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.   The parties agree that the following conditions in the Protective Order will serve these interests:

a.   The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."   The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.   The government may also redact any PII contained in the production of Confidential Information.

b.   If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.   If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c.   Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.   ~~The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.~~

4

(5) e.   ~~At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.~~

(6) f.   ~~Defendant may review Confidential Information only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any Confidential Information.  At the conclusion of any meeting with defendant at which defendant is permitted to view Confidential Information, defendant must return any Confidential Information to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any Confidential Information out of the room in which defendant is meeting with the Defense Team.~~

(7) g.   ~~Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.~~

h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present if Confidential Information are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

j.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.   In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.   If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.   If the other party

1  does not object to the proposed filing, the party seeking to file
2  such information shall redact any Confidential Information and make
3  all reasonable attempts to limit the divulging of Confidential
4  Information.

5         l.    The parties agree that any Confidential Information
6  inadvertently produced in the course of discovery prior to entry of
7  the Protective Order shall be subject to the terms of the Protective
8  Order.  If Confidential Information was inadvertently produced prior
9  to entry of the Protective Order without being marked "CONFIDENTIAL
10 INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government
11 shall reproduce the material with the correct designation and notify
12 defense counsel of the error.  The Defense Team shall take immediate
13 steps to destroy the unmarked material, including any copies.

14        m.    Confidential Information shall not be used by the
15 defendant or Defense Team, in any way, in any other matter, absent
16 an order by this Court.  All materials designated subject to the
17 Protective Order maintained in the Defense Team's files shall remain
18 subject to the Protective Order unless and until such order is
19 modified by this Court.  Within 30 days of the conclusion of
20 appellate and post-conviction proceedings, defense counsel shall
21 return all Confidential Information, certify that such materials
22 have been destroyed, or certify that such materials are being kept
23 pursuant to the California Business and Professions Code and the
24 California Rules of Professional Conduct.

25        n.    In the event that there is a substitution of counsel
26 prior to when such documents must be returned, new defense counsel
27 must be informed of, and agree in writing to be bound by, the
28 requirements of the Protective Order before the undersigned defense

1   counsel transfers any Confidential Information to the new defense
2   counsel.  New defense counsel's written agreement to be bound by the
3   terms of the Protective Order must be returned to the Assistant U.S.
4   Attorney assigned to the case.  New defense counsel then will become
5   the Defense Team's custodian of materials designated subject to the
6   Protective Order and shall then become responsible, upon the
7   conclusion of appellate and post-conviction proceedings, for:
8   (1) returning to the government, certifying the destruction of, or
9   retaining pursuant to the California Business and Professions Code
10  and the California Rules of Professional Conduct all Confidential
11  Information.

12          o.    Defense counsel agrees to advise defendant and all
13  members of the Defense Team of their obligations under the
14  Protective Order and ensure their agreement to follow the Protective
15  Order, prior to providing defendant and members of the Defense Team
16  with access to any materials subject to the Protective Order.

17          p.    Defense Counsel has conferred with defendant
18  regarding this stipulation and the proposed order thereon, and
19  defendant agrees to the terms of the proposed order.

20  //
21  //
22  //
23
24
25
26
27
28

1        q.    Accordingly, the parties have agreed to request that

2    the Court enter a protective order in the form submitted herewith.

3        IT IS SO STIPULATED.

4        DATED: March 29, 2022              TRACY L. WILKISON
5                                           United States Attorney

6                                           SCOTT M. GARRINGER
7                                           Assistant United States Attorney
                                            Chief, Criminal Division
8

9                                           _____
10                                          JEFF MITCHELL
                                            Assistant United States Attorney
11
                                            Attorneys for Plaintiff
12                                          UNITED STATES OF AMERICA

13       DATED: March ___, 2022             _____

14                                          DEAN STEWARD
                                            Attorney for Defendant
15                                          Hyoung Nam So

16

17

18

19

20

21

22

23

24

25

26

27

28