> **FILED**
> CLERK, U.S. DISTRICT COURT
>
> 11/15/2023
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY: _____ CB _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>HYOUNG NAM SO<br>　　　　Defendant. | Case No.:  2:22-CR-00108-AB<br><br>**CLOSING JURY INSTRUCTIONS** |

　　　The following are the Court's closing jury instructions to guide your consideration of the evidence in this case.

Dated:  November 15, 2023

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

## CLOSING JURY INSTRUCTION NO. 1
### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## CLOSING JURY INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## CLOSING JURY INSTRUCTION NO. 3
### DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant HYOUNG NAM SO ("Brian So") did not testify.

## CLOSING JURY INSTRUCTION NO. 4

### REASONABLE DOUBT

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## CLOSING JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

## **CLOSING JURY INSTRUCTION NO. 6**
### **WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## CLOSING JURY INSTRUCTION NO. 7
### ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

## CLOSING JURY INSTRUCTION NO. 8
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## CLOSING JURY INSTRUCTION NO. 9

## ON OR ABOUT - DEFINED

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

# CLOSING JURY INSTRUCTION NO. 10

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

## CLOSING JURY INSTRUCTION NO. 11
### OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Priscilla Kim and Myoung Sun Lim who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# CLOSING JURY INSTRUCTION NO. 12
## CHARTS AND SUMMARIES NOT ADMITTED

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## <u>CLOSING JURY INSTRUCTION NO. 13</u>

## CHARTS AND SUMMARIES ADMITTED

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## CLOSING JURY INSTRUCTION NO. 14
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# CLOSING JURY INSTRUCTION NO.15
## KNOWINGLIY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## CLOSING JURY INSTRUCTION NO. 16
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## **<u>CLOSING JURY INSTRUCTION NO. 17</u>**
### **NO TRANSCRIPT AVAILABLE TO JURY**

You will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.

## CLOSING JURY INSTRUCTION NO. 18
## JURY TO BE GUIDED BY ENGLISH
## TRANSLATION/INTERPRETATION

A language other than English was used for some testimony during this trial. When a witness testified in another language, the witness did so through an official court interpreter.

The testimony you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness, or a party based solely upon the use of an interpreter to assist that witness or party.

## CLOSING JURY INSTRUCTION NO. 19
### BENCH CONFERENCES AND RECESSES

During the trial, I took up legal matters with the attorneys privately, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I may not have always granted an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## <u>CLOSING JURY INSTRUCTION NO. 20</u>

**TRANSCRIPT OF RECORDING IN ENGLISH**

You heard a recording that has been received in evidence.  A transcript of the recording was displayed to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appeared in the transcript, what you heard is controlling.

## CLOSING JURY INSTRUCTION NO. 21
### TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You have heard a recording in the Korean language.  Each of you has been given a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the Korean language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

## <u>CLOSING JURY INSTRUCTION NO. 22</u>
### FOREIGN LANGUAGE TESTIMONY

You heard testimony of a witness who testified in the Korean language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Korean language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

**CLOSING JURY INSTRUCTION NO. 23**

**CONFIDENTIALITY – PROTECTIVE ORDER**

Throughout this trial, you saw multiple exhibits that contain the marker "CONFIDENTIAL-CONTENTS SUBJECT TO PROTECTIVE ORDER." You are to disregard this marker and give it no weight. This marker has no significance. It represents an administrative notation for the Court and the parties and is not relevant to the facts in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 24

### STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## CLOSING JURY INSTRUCTION NO. 25
## IMPEACHMENT EVIDENCE - WITNESS

You have heard evidence that Hwan Duk Lee, a witness, was convicted of breach of trust and bribery, tax evader punishment code violation (tax evasion), tax evader penalty code violation (false tax bill obtained), and foreign currency transaction code violation, tax evader penalty code violation (tax bill not obtained) in the Republic of Korea.

You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**<u>CLOSING JURY INSTRUCTION NO. 26</u>**

**TESTIMONY OF WITNESSES INVOLVING SPECIAL**

**CIRCUMSTANCES-IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from Hwan Duk Lee and Dong Woo Kim ("Chul Kim"), witnesses who have received immunity. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted.

1

## <u>CLOSING JURY INSTRUCTION NO. 27</u>

2

## GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

3

4      You have heard testimony from an informant, Dong Woo Kim ("Chul Kim")

5  who was involved in the government's investigation in this case.  Law enforcement

6  officials may engage in stealth and deception, such as the use of informants and

7  undercover agents, to investigate criminal activities.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CLOSING JURY INSTRUCTION NO. 28</u>**
**CONSPIRACY – ELEMENTS**

The defendant is charged in Count 1 of the indictment with conspiring to commit federal funds bribery in violation of Section 371 of title 18 of the United States Code. For the defendant to be guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than in or about August 2015 and continuing through at least October 5, 2016, there was an agreement between two or more persons to commit federal funds bribery;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

## CLOSING JURY INSTRUCTION NO. 29
## CONSPIRACY – KNOWLEDGE OF ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other co-conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

*First*, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

*Second*, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

*Third*, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

## CLOSING JURY INSTRUCTION NO. 30
### DELIBERATE IGNORANCE

If you find beyond reasonable doubt that a conspiracy to commit federal funds bribery existed, you may find that the defendant knowingly joined in the conspiracy if you find beyond a reasonable doubt that:

First, the defendant was aware of a high probability that the objective of the conspiracy to commit federal funds bribery;

Second, the defendant deliberately avoided learning the truth.

You may not find such a knowledge, however, if you find that the defendant actually believed that the objective of the agreement was not to conspire to commit federal funds bribery, or if you find that the defendant was simply negligent, careless, or foolish.

## <u>CLOSING JURY INSTRUCTION NO. 31</u>
### BRIBERY CONCERNING FEDERALLY FUNDED PROGRAM - ELEMENTS

The indictment charges the defendant with conspiring to commit bribery concerning programs receiving federal funds. The elements for bribery are:

1. That the defendant was an agent of an organization;

2. That the defendant solicited, demanded, accepted, or agreed to accept a thing of value from another person;

3. That the defendant acted corruptly with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the organization;

4. That this business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

5. That the organization, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. The one-year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 32

### DUAL MOTIVE

Actions taken with a dual motive constitute bribery so long as one of the motives is to be influenced or rewarded in connection with any business, transaction, or series of transactions of the Organization involving anything of value of $5,000 or more.

If you find that the elements of bribery described above are otherwise satisfied, it is not a defense that any acts taken were good for the Organization or were acts that defendant would have or should have taken without the bribe.

The government does not need to prove that any of the Federal benefits in excess of $10,000 received by the Organization were misappropriated or otherwise connected to the commission of the offense.

## CLOSING JURY INSTRUCTION NO. 33
### DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**<u>CLOSING JURY INSTRUCTION NO. 34</u>**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CLOSING JURY INSTRUCTION NO. 35**
### **JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 36
### USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## CLOSING JURY INSTRUCTION NO. 37

### VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# CLOSING JURY INSTRUCTION NO. 38
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.